CALIFORNIA NAT. BANK OF SACRAMENTO v. UTAH NAT. BANK OF SALT LAKE CITY.

(Circuit Court of Appeals, Eighth Circuit. September 25, 1911.)

No. 3,448.

1. BANKS AND BANKING (§ 170*)—COLLECTION AGENTS—MISCONDUCT OF SUB-AGENTS—LIABILITY.

In the absence of any express or implied contract that a bank to which collections are sent would not be liable for the misconduct of its subagents in making the collection, it is responsible for the negligence of those so employed.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 588, 589, 592; Dec. Dig. § 170.*]

2. BANKS AND BANKING (§ 170*)—COLLECTION AGENT—NEGLIGENCE OF SUB-AGENT—CUSTOM OF BUSINESS.

Where defendant bank had been acting as plaintiff's collection agent for some time, with the understanding that it should not be liable for the misconduct of its subagents, and on receipt of the item in question for collection in accordance with its uniform prior practice acknowledged receiving the check and incorporated in the body of the receipt a statement that in receiving the same it acted only as agent, and assumed no responsibility for the acts, omissions, neglect, or default of agents or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

subagents at other points, or for items lost in transit, it was not liable for the failure to collect the check, due to the negligence of a subagent.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 588, 589, 592; Dec. Dig. § 170.*]

In Error to the Circuit Court of the United States for the District of Utah.

Action by the California National Bank of Sacramento against the Utah National Bank of Salt Lake City. Judgment for defendant, and plaintiff brings error. Affirmed.

Oscar W. Moyle (Le Grand Young, on the brief), for plaintiff in error.

Waldemar Van Cott (E. M. Allison, Jr., and William D. Riter, on the brief), for defendant in error.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

PER CURIAM. A check drawn by Philips upon the First National Bank of Ponderay, Idaho, payable to Albert Wonderlich, was forwarded by the California National Bank of Sacramento, which had received it from another bank, to its correspondent, the Utah National Bank of Salt Lake City, for collection. The drawee bank was so far distant from the Utah bank that the check necessarily had to be forwarded through subagents for actual presentation. It finally reached its destination and was protested for nonpayment. The California bank sued the Utah bank for damages alleged to have been occasioned by its negligence (the particulars of which need not be specified) in the transaction of the business, and, failing to recover in the Circuit Court, brings the case here for review.

The Utah bank had for several months prior to the transaction in question been acting as correspondent for the California bank in respect of its business at or near Salt Lake City, and also in respect of collections to be made at a distance through the intervention of subagents. The Utah bank acted with due diligence in forwarding the check in question, and no fault is found with its selection of a subagent. The actionable negligence, if any, was with the subagents, and it is claimed that under the authority of Exchange National Bank v. Third National Bank, 112 U. S. 276, 5 Sup. Ct. 141, 28 L. Ed. 722, the Utah bank is liable for the misconduct of its subagents in the performance of their duties.

[1, 2] In the absence of any express or implied contract that it should not be liable for the misconduct of its subagents, we would be required under the authority of the last-mentioned case to hold the defendant responsible for the negligence of the agents employed by it; but it appears that the defendant had, from the inception of its business relations with the plaintiff bank, accepted items for collection beyond its immediate sphere of action, with the understanding that it should not be liable for the misconduct of its subagents. Upon receipt of the item in question in this case the Utah bank, in accordance with its uni-

form prior practice, acknowledged its receipt, and in the body of the receipt, in like accord with former practice, incorporated these words:

"In receiving checks, drafts, or other paper on deposit or for collection, the Utah National Bank acts only as agent, and assumes no responsibility for the acts, omissions, neglect, or default of agents or subagents at other points, or for items lost while in transit. Any credit allowed for items on other banks or parties is only provisional until the proceeds thereof in money shall have been actually received by said bank.

"[Signed]    W. F. Adams, Vice Pres."

The California bank received this receipt in due course of mail and made no objection to the terms specified. According to prior usage and contract alike, therefore, the defendant bank assumed no liability for the misconduct of its subagents, and the doctrine of the Exchange National Bank Case has no application.

The judgment below was right, and is affirmed.